UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

--------------------------------------------------------------- x

JOHN BURWICK,                                          :
                                                      :
                        Plaintiff,                    :
                                                      :    **MEMORANDUM &**
        -against-                                     :    **ORDER**
                                                      :
WEST-COM & TV, INC.,                                  :    3:25-CV-1497 (VDO)
                                                      :
                        Defendant.                    :
--------------------------------------------------------------- x

**VERNON D. OLIVER**, United States District Judge:

Plaintiff John Burwick ("Burwick") brings this action against Defendant West-Com &

TV, Inc., ("West-Com") alleging breach of contract, breach of the implied covenant of good

faith and fair dealing, and unjust enrichment. Before the Court is West-Com's motion to

dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For

the reasons set forth below, West-Com's motion is **GRANTED**.

## I.    BACKGROUND

### A.    Factual Background[1]

West-Com is a corporation engaged in the business of designing, installing, and

implementing nurse call systems.[2] West-Com contracted with Burwick in mid-2024 to act as

its most senior financial officer.[3] On March 1, 2025, West-Com and Burwick executed an

agreement titled the Fractional CFO Agreement (the "CFO Agreement") which formally

---

[1] The Court accepts as true the factual allegations in the Complaint and draws all reasonable inferences in Plaintiff's favor for the purpose of deciding Defendant's motion.

[2] Am. Compl., ECF No. 23 ¶ 4.

[3] *Id.* ¶ 5.

defined Burwick's relationship with West-Com.[4] The CFO Agreement expressly described Burwick's duties under the contract.[5] These duties included providing financial leadership, oversight, and strategic guidance over financial planning and analysis, budgeting, cash flow management, financial reporting, and other related CFO functions.[6] Burwick received a monthly fee in return for his services.[7] The CFO Agreement also defined the conditions and consequences of terminating the contract.[8] Specifically, Paragraph 6 of the CFO Agreement stated:

    a. Either party may terminate this Agreement within thirty (60) [sic] days' written notice.

    b. In the event of termination, the Fractional CFO shall be compensated for all services rendered up to the effective date of termination.[9]

Burwick excelled in his role as Fractional CFO.[10] Accordingly, West-Com sought to reward Burwick's performance by creating another contractual agreement, the Incentive Bonus Plan.[11] The Incentive Bonus Plan entitled Burwick to a cash bonus based on a formula involving West-Com's Free Cash Flow results.[12] At the time of Burwick's termination, his

---

[4] *Id.* ¶¶ 6–7.

[5] *Id.* ¶ 8.

[6] *Id.*

[7] *Id.* ¶ 9.

[8] *Id.* ¶ 22.

[9] *Id.*

[10] *Id.* ¶ 13.

[11] *Id.* ¶ 11.

[12] *Id.* ¶ 12.

performance had substantially increased West-Com's Free Cash Flow to the maximum tier of the Incentive Bonus Plan.[13]

While in his role at West-Com, Burwick became aware of circumstances that he believed raised significant legal concerns.[14] He brought these concerns to the attention of West-Com's Board of Directors.[15] Upon learning of Burwick's report to the Board, Acting Chief Executive Officer of West-Com, George Ghassan ("Ghassan"), terminated Burwick's relationship with the Company.[16] This termination was an act of retaliation against Burwick for having reported the unlawful conduct he witnesses to the Board of Directors.[17] Ghassan also structured Burwick's termination in a way that deprived Burwick of certain, unspecified entitlements he earned while working for West-Com.[18]

## B.    Procedural History

Burwick filed this action in Bridgeport Superior Court on August 19, 2025.[19] West-Com removed this action to the United States District Court for the District of Connecticut on September 10, 2025.[20] On November 5, 2025, the Court held a status conference and granted Burwick's oral motion to amend the complaint.[21] Burwick then filed an amended complaint

---

[13] *Id.* ¶¶ 13–14.

[14] *Id.* ¶ 17.

[15] *Id.* ¶ 18.

[16] *Id.* ¶ 19.

[17] *Id.* ¶ 21.

[18] *Id.* ¶ 23.

[19] *See* Compl., ECF No. 1-1 at 4.

[20] *See* Notice of Removal, ECF No. 1.

[21] *See* Order, ECF. No. 21.

on November 12, 2025.[22] West-Com filed the instant motion to dismiss on January 7, 2026.[23] Burwick filed his opposition on January 28, 2026,[24] and West-Com filed its reply on February 10, 2026.[25]

## II.     LEGAL STANDARD

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "On a motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). "To survive dismissal, the pleadings must contain 'enough facts to state a claim to relief that is plausible on its face[.]'" *Buon v. Spindler*, 65 F.4th 64, 76 (2d Cir. 2023) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering a Rule 12(b)(6) motion, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d

---

[22] *See* ECF No. 23.

[23] *See* Mot. to Dismiss, ECF No. 25.

[24] *See* Resp., ECF No. 26.

[25] *See* Reply, ECF No. 27.

4

147, 153 (2d Cir. 2002). "[T]he court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief." *Leonard v. Gen. Motors L.L.C.*, 504 F. Supp. 3d 73, 83 (D. Conn. 2020).

## III.    DISCUSSION

### A.    Breach of Contract

The Court finds that Burwick failed to plead a viable claim for breach of contract under the CFO Agreement.[26] To establish a viable breach of contract claim under Connecticut law, a plaintiff must allege "formation of an agreement, performance by one party, breach of the agreement by the other party, and damages." *Lee v. Yale Univ.*, 624 F. Supp. 3d 120, 133 (D. Conn. 2022), *aff'd*, No. 22-2634, 2023 WL 4072948 (2d Cir. June 20, 2023) (quoting *Meyers v. Livingston, Adler, Pulda, Meiklejohn and Kelly*, P.C., 311 Conn. 282, 291 (2014)). As the Supreme Court explained in *Iqbal*, a complaint that "tenders naked assertions devoid of further factual enhancement" will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. Accordingly, a complaint alleging a breach of contract must allege "well-pleaded facts relevant to a breach of contract claim, such as who entered into the alleged contract, what the terms of the contract were, or how, specifically, the terms of the contract were breached." *Telkamp v. Vitas Healthcare Corp. Atl.*, No. 15-CV-726 (JCH), 2016 WL 777906, at *14 (D. Conn. Feb. 29, 2016).

---

[26] In the reply, West-Com correctly asserts that Burwick conceded that he has not pled sufficient allegations to establish a breach of contract under the Incentive Bonus Plan. *See* ECF No. 27 at 2. Accordingly, the Court does not consider Burwick to be asserting a claim for breach of the Incentive Bonus Plan.

Here, Burwick fails to state factual allegations establishing that West-Com breached the CFO Agreement. Specifically, the Amended Complaint does not state that West-Com failed to comply with the requirements outlined in Paragraph 6(b) of the CFO Agreement by failing to provide adequate termination notice or compensating Plaintiff for all services rendered through the date of his termination. At most, Plaintiff vaguely alleges that his termination was structured "in a way that deprived Burwick of the entitlements he had earned with his work for West-Com."[27] This conclusory claim is insufficient under *Iqbal*, as the complaint is devoid of explanations concerning which entitlements were allegedly withheld, the manner in which West-Com allegedly withheld them, and whether any amounts were actually owed to Burwick at the time of termination. Indeed, is unclear from the face of the complaint whether these "entitlements" represent past or future compensation. And a court may not "fill the gaps in a plaintiff's complaint by imagining facts that [he] has not pled." *Lawrence v. Charlotte Hungerford Hosp.*, No. 25-CV-1022 (SVN), 2026 WL 90616, at *2 (D. Conn. Jan. 13, 2026).

In opposing the motion to dismiss, Burwick attempts to clarify that he "earned an entitlement to a bonus because he improved West-Com's Free Cash Flow in a way that *could be* measured as of the effective date of his termination."[28] On that basis, Burwick seems to contend that West-Com breached Paragraph 6(b) of the CFO Agreement by failing to prorate his bonus for the work Plaintiff completed before his termination and pay him that prorated amount upon his departure. This argument fails for two independent reasons. First, this theory

---

[27] ECF No. 23 ¶ 23.

[28] ECF No. 26 at 10 (emphasis added).

appears nowhere in the Amended Complaint, and Plaintiff "cannot amend [his] complaint by asserting new facts or theories for the first time in opposition to [Defendant's] motion to dismiss." *Miley v. Hous. Auth. of the City of Bridgeport*, 926 F. Supp. 2d 420, 432 (D. Conn. 2013) (cleaned up). Second, even accepting Plaintiff's characterization, this new argument only claims that West-Com *could* have prorated the bonus to correspond with the improvements Plaintiff made in West-Com's Free Cash flow before his department. Plaintiff does not assert that this calculation was mandated under the CFO Agreement or Incentive Bonus Plan. Nor does he assert that payment was due and vested at the time of termination. Accordingly, Plaintiff has failed to properly plead a claim for breach of contract and this count is **dismissed**.

### B.    Implied Covenant of Good Faith and Fair Dealing

Burwick also failed to plead a viable claim for a breach of covenant of good faith and fair dealing. Under Connecticut law, a party asserting a breach of the implied covenant of good faith and fair dealing must establish three elements:

> [F]irst, that the plaintiff and the defendant were parties to a contract under which the plaintiff reasonably expected to receive certain benefits; second, that the defendant engaged in conduct that injured the plaintiff's right to receive some or all of those benefits; and third, that when committing acts by which it injured the plaintiff's right to receive benefits he reasonably expected to receive under the contract, the defendant was acting in bad faith.

*Florimon v. Allstate Ins. Co.*, 616 F. Supp. 3d 180, 188 (D. Conn. 2022) (*quoting Bagley v. Yale Univ.*, 42 F. Supp. 3d 332, 359–60 (D. Conn. 2014)).

Burwick's claim fails entirely under the first element. The Amended Complaint is devoid of any factual detail establishing that Burwick had a reasonable expectation of receiving "certain benefits" under either agreement at the time his employment ended. It does not state

7

that the Incentive Bonus Plan had vested or was otherwise due and payable at the time of his termination, or that any other amounts remained outstanding amount under the CFO Agreement. He does not explain which specific benefits were denied, or how the circumstances of his termination were designed to deprive him of these unspecified benefits. Without such allegations, the Court lacks a sufficient factual basis to determine whether West-Com acted to "evade[] the spirit of the contract," *Landry v. Spitz*, 102 Conn. App. 34, 43 (2007) (cleaned up), or whether, more simply, no benefits had vested at the time of termination.

Because Burwick failed to demonstrate the first element—that he reasonably expected to receive certain benefits under the CFO Agreement or Incentive Bonus Plan—he necessarily fails to satisfy the remaining two elements. Those elements address whether West-Com engaged in conduct that injured Burwick's rights to receive those benefits, and whether West-Com acted in bad faith. Without establishing the threshold expectation of benefits, there is no foundation for the latter elements. Thus, Burwick has failed to adequately plead a claim for breach of the implied covenant of good faith and fair dealing, and this count is **dismissed**.

### C.    Unjust Enrichment

Burwick also failed to plead a viable unjust enrichment claim in the alternative to his claims of breach of contract and breach of the implied covenant of good faith and fair dealing. Under Connecticut law, a plaintiff "cannot plead a claim of unjust enrichment if he also pleads the existence of an express contract," *Edwards v. N. Am. Power & Gas, LLC*, 120 F. Supp. 3d 132, 148 (D. Conn. 2015), because "the lack of a remedy under a contract is a precondition to recovery based on unjust enrichment," *Michel v. Yale Univ.*, 547 F. Supp. 3d 179, 192–93 (D. Conn. 2021) (cleaned up). While, of course, "a party may properly plead an unjust enrichment claim in the alternative to a breach of contract claim," this alternative pleading "cannot be

accomplished by the express incorporation of a claim of a breach of contract." *Id.* (cleaned up). Thus, "a proper pleading of unjust enrichment or quantum meruit must include the allegation that no remedy is available to the claimant by action on a contract, and alternative pleadings must be set forth in separate counts that do not incorporate inconsistent claims." *Learning Care Grp., Inc. v. Armetta*, No. 13-CV-1540 (VLB), 2014 WL 12651264, at *20 (D. Conn. Sept. 30, 2014).

Burwick's unjust enrichment claim fails for two reasons: first, because the validity and existence of the CFO Agreement and Incentive Bonus Plan are not in dispute; and second, because he appears to incorporate his breach of contract claim into his unjust enrichment claim.

As to the first issue, in the Amended Complaint, Burwick states that he brings the unjust enrichment claim to "address the *possibility* of the express contracts between the parties being deemed unenforceable or inapplicable."[29] However, nothing in the record suggests that either the CFO Agreement or the Incentive Bonus Plan are unenforceable or inapplicable. To the contrary, the parties agree that both contracts are valid, enforceable, and govern the instant dispute.[30] Further, Plaintiff does not allege that either the CFO Agreement or the Incentive Bonus Plan fail to fully address the subject of the compensation, or that he otherwise lacked a remedy under the contracts. Thus, he has failed to properly allege that no remedy is available under the contract, and his unjust enrichment claim necessarily fails. *See, e.g. Edwards*, 120 F. Supp. 3d at 148 (dismissing an unjust enrichment claim because the plaintiff failed to allege that the contract was "void, illusory or otherwise unenforceable").

---

[29] ECF No. 23 ¶ 34 (emphasis added).

[30] *See* ECF No. 27 at 4.

As to the second issue, the section of the Amended Complaint asserting the unjust enrichment claim states, "Burwick repeats and realleges his allegations contained in Paragraph __ of the Count One [sic] as if fully set forth herein."[31] Burwick attempts to salvage his unjust enrichment claim by arguing that he intended to incorporate "some but not all" of the breach of contract allegations into his unjust enrichment claim, and that a "scrivener's error" created uncertainty about precisely which sections of the breach of contract claim were incorporated.[32] This argument is not persuasive. The plain language of the Amended Complaint expressly incorporates the breach of contract claim into his unjust enrichment claim. Because these two claims are inconsistent, the unjust enrichment claim necessarily fails. Accordingly, Burwick has not adequately pled a claim of unjust enrichment, and that count is **dismissed**.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** West-Com's Motion to Dismiss and **DISMISSES** the Amended Complaint. The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

Hartford, Connecticut
July 9, 2026

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge

---

[31] ECF No. 23 ¶ 33.

[32] ECF No. 26 at 9.